## UNITED STATES v. WURTS.

### No. 6326.

Circuit Court of Appeals, Third Circuit.

July 13, 1937.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Francis I. Howley, Sp. Assts. to Atty. Gen., and Joseph M. Jones, Chas. D. McAvoy, U. S. Atty., and Thos. J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa.

Sanford D. Beecher and Archibald T. Johnson, both of Philadephia, Pa. (Duane, Morris & Heckscher, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The United States brought suit, April 26, 1934, for the recovery of 1929 income taxes alleged to have been erroneously refunded to the taxpayer, appellee herein. The certificate of overassessment was issued to the appellee on March 15, 1932, but the check was not mailed until April 30, 1932. The District Court entered judgment for the appellee upon an affidavit of defense in lieu of a statutory demurrer, ruling that more than two years had expired after the making of the refund.

The following statutory provisions are involved:

Revenue Act of 1928, § 610(b), 26 U.S. C.A. § 1646(b): "(b) Any portion of an internal revenue tax * * * which has been erroneously refunded * * * may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund."

Revenue Act of 1932, § 1104, 26 U.S.C.A. § 1670(3): "(3) Where the Commissioner has (before or after June 6, 1932) signed a schedule of overassessments in respect of any internal revenue tax imposed by the Revenue Act of 1932, or any prior revenue Act, the date on which he first signed such schedule (if after May 28, 1928) shall be considered as the date of allowance of refund or credit in respect of such tax."

The Revenue Act of 1928, § 610(b), 26 U.S.C.A. § 1646(b), provides that suit for recovery of a refund may be brought only if begun before the expiration of two years after the making of the refund. The dispute arises because of conflicting interpretations of the meaning of the word "mak-

ing." The appellant contends that a refund is "made" only upon payment of the check; the appellee contends that a refund is "made" immediately upon the signing of the schedule of overassessment. Light is thrown upon the congressional intent when we examine the quoted section of the Revenue Act of 1932 (26 U.S.C.A. § 1670(3), which determines the date of allowance of refund as the date on which the Commissioner signed the schedule of overassessment. Committee reports of both Senate and House lend additional weight to the theory that the refund is made when the schedule of overassessment is signed. The United States is given statutory leave to recover refunds, but only upon the condition that the action be brought within two years from the date of the signing of the schedule of overassessment. The case of Paulson v. United States (C.C.A.) 78 F.(2d) 97, involved refunds which did not come within the period prescribed in the Revenue Act of 1932 and is therefore inapplicable. We are of the opinion that the District Court correctly entered judgment on the pleadings.

The judgment of the court below is affirmed.